UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BENTON LEJEUNE** | **CASE NO. 2:22-CV-02583** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED PROPERTY & CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 9] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant United Property & Casualty Insurance Company ("UPC"). Plaintiff opposes the motion. Doc. 11.

### I.
### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck the same area on October 9, 2020. At all relevant times, plaintiff alleges, his residence in Westlake, Louisiana, was insured under a policy issued by UPC and bearing policy number ULF 57832130171. Doc. 1. Plaintiff further alleges that he submitted proof of loss after the storms, but that UPC failed to timely or adequately compensate him for his covered damages under the policy. *Id.* Accordingly, he filed suit against UPC in this court on August 10, 2022, raising claims of breach of insurance contract and bad faith. *Id.*

UPC now brings this motion to dismiss, attaching a copy of Policy No. ULF 57832130171. Doc. 9. Based on the terms therein, it argues that Family Security Insurance Company ("FSIC") is the actual insurer and that it (UPC) can bear no liability in this matter. *Id.* Plaintiff opposes the motion, arguing that UPC is a proper party based on a plain reading of the policy and that any ambiguity must be construed in favor of coverage by that entity. Doc. 11.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

The policy was not attached to plaintiff's complaint, but was referenced therein and is central to his claims. Accordingly, the court considers it for the purposes of this motion. All of plaintiff's claims are premised on UPC's alleged breach of duties under the policy. The policy in question was issued to Benton Alexander LeJeune, covering the residence at the address identified in plaintiff's complaint and in effect from February 3, 2020, to February 3, 2021. Doc. 9, att. 2, p. 1. The logo at the top lefthand corner reads "UPC Insurance," with script underneath stating "Underwritten by Family Security Insurance

Company." *Id.* Most of the other pages in the policy are labeled "FSIC" for Family Security Insurance Company, and the jacket also states that the policy is issued "on behalf of Family Security Insurance Company[.]" *Id.* at 33. The same page provides, however, that "by acceptance of this policy you agree . . . [t]hat this policy embodies all agreements existing between you and UPC Insurance." *Id.* The Consumer Disclosure Notice also thanks the "Valued Customer" for "choosing UPC Insurance as your homeowner insurance provider." *Id.* at 37.

The policy itself does not clearly indicate who the insurer is. UPC fails to provide any additional evidence clarifying its role in relation to the policy and the plaintiff.[1] *Cf. Risinger Holdings, LLC v. Sentinel Ins. Co., Ltd.*, 2021 WL 4520968, at *2 (E.D. Tex. Sep. 30, 2021) (granting defendant's motion to dismiss where policy "clearly listed [another party] as insurer" and defendant submitted a 10-K showing that it was only a holding company along with a sworn declaration indicating that it does not "underwrite risks; issue or adjust policies; or investigate, handle, or deny claims.") The court therefore lacks sufficient proof to find that a claim against UPC is implausible, and the motion to dismiss must be denied.

---

[1] Plaintiff also attaches a "Reservation of Rights" letter relating to his claim. The letter was issued by UPC on September 8, 2021, on UPC letterhead and stating that "UPC Property and Casualty Insurance Company is in the process of investigating the facts and circumstances of the loss as reported above." *See* doc. 11, pp. 5–6. The letter goes on to identify plaintiff's "UPC Insurance homeowner policy" and to state that "UPC Property and Casualty Insurance Company further reserves its rights to assert any additional coverage defense(s) or position(s) which may become known or apparent to UPC insurance at any subsequent or later time." *Id.* Finally, a footnote to the letter reserves "[a]ll rights and defenses of UPC Insurances and its affiliates" while the privacy notice in the policy lists UPC and FSIC as affiliates of the UPC Insurance family of companies. *Id.*; doc. 9, att. 2, p. 35. While this letter appears to provide compelling evidence of the ambiguity of UPC's role, consideration of it would require converting the case into a motion for summary judgment and the court determines it is premature to do so at this time.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 9] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of October, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE